***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission hereby affirms the Opinion and Award of Deputy Commissioner Griffin.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and of the subject matter of this action.
2. All parties have been correctly designated, and that there is no question as to misjoinder or nonjoinder of parties.
3. That on or about July 28, 2005 defendant-employer employed more than 3 employees, and the parties were bound by and subject to the provisions of the Act.
4. On or about July 28, 2005, there existed between Selma E. Washington and Polymer Group, Inc. d/b/a Chicopee an employee-employer relationship.
5. On or about July 28, 2005, defendant-employer provided workers' compensation insurance coverage to its employees through The Hartford.
6. On or about July 28, 2005, plaintiff was employed by employer at an average weekly wage of $679.20, resulting in a compensation rate of $452.82.
7. Plaintiff last worked for defendant-employer on or about November 14, 2005.
8. Plaintiff has received and continues to receive temporary total disability benefits as a result of injuries sustained in a May 5, 2005 work-related injury by accident that has been assigned I.C. File Number 583817.
 ***********
The following were submitted as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Medical Records, Industrial Commission Forms and Safety Incident Investigation Report
 *********** *Page 3 
The following were received into evidence as:
 DEPOSITIONS
1. Oral deposition of Howard R. Brown, M.D., taken on September 3, 2008.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 53 year-old high school graduate.
2. In January 1994, defendant-employer hired plaintiff as a finishing operator.
3. On or about July 28, 2005, plaintiff was performing the duties of a finishing operator, which involved cutting material, lifting 100-pound spools onto machinery with assistance, operating machinery and her duties also required her to bend, stoop and squat.
4. On said date, plaintiff was pushing and pulling on a stuck doffing table with 2 co-workers, Ricky Smith and Susan Bond. While pulling on the stuck table, plaintiff felt a pop in her right knee, which was accompanied by pain in the knee. The pain in her right knee continued and later that day she notified her supervisor, Ricky Smith, of the incident and requested that he prepare a written report. The Full Commission finds that the pulling and pushing on the stuck doffing table by plaintiff was an unlooked for and untoward event that constituted an interruption of her normal work routine.
5. On September 8, 2005, due to continuing pain in the right knee, plaintiff sought medical treatment from Dr. Howard Brown. As plaintiff reported the incident as work-related, *Page 4 
Dr. Brown's office requested a note from her employer. At this time, plaintiff learned thAt defendant-employer had not prepared an incident report.
6. During examination, Dr. Brown noted plaintiff had injured her right knee at work approximately one month prior to the evaluation. Dr. Brown provided a brace to wear at work and recommended an MRI scan of the knee to rule out a lateral meniscus tear.
7. An MRI scan revealed degenerative changes with joint space narrowing, destruction and fraying of the lateral meniscus, and disruption of the lateral collateral ligaments.
8. After an unsuccessful course of conservative treatment, plaintiff underwent right knee arthroscopy on August 29, 2006. During surgery, Dr. Brown found synovitis, chondromalacia, spurs, and a large meniscal tear.
9. Plaintiff continued to treat with Dr. Brown following her surgery, which included a course of physical therapy. Dr. Brown recommended that if she continued to suffer from right knee pain with swelling then she might require knee replacement surgery.
10. Due to continued problems with her right knee following the August 29, 2006 surgery, Dr. Brown performed a total right knee arthroplasty on October 30, 2007. Dr. Brown discharged plaintiff with recommendations for home health care, home physical therapy, and a continuous passive motion unit.
11. Dr. Brown continued to manage plaintiff's care following the total right knee arthroplasty. Plaintiff participated in two courses of physical therapy while also participating in a home exercise program. During her follow-up care, Dr. Brown wrote plaintiff completely out of work.
12. On April 16, 2008, Dr. Brown released plaintiff with permanent work restrictions, which included limited squatting, kneeling, pivoting, climbing, stooping, bending, stair climbing, *Page 5 
no standing for more than 60 minutes without 10 minutes of sitting, and walking short distances. At the time of the hearing before the deputy commissioner, plaintiff was scheduled to follow-up with Dr. Brown within the next six months.
13. Dr. Brown's clinical findings were consistent with the injury described by plaintiff, which occurred while she was pushing and pulling on the doffing table. Dr. Brown opined and the Full Commission finds that plaintiff's right knee condition was caused by the incident occurring on or about July 28, 2005.
14. Plaintiff immediately reported her incident to her direct supervisor and requested that an incident report be completed. Defendant-Carrier was communicating with Dr. Brown's office and provided payment for her initial medical treatment for her right knee. Defendants offered no credible evidence to dispute plaintiff's testimony or to show they were prejudiced in any way. The Full Commission finds that plaintiff provided notice of the incident to defendant-employer within 30 days of occurrence and that defendants had actual notice.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On or about July 28, 2005, plaintiff sustained a compensable injury by accident to the right knee arising out of and in the course of her employment with defendant-employer when her right knee popped causing pain while pushing and pulling on a stuck doffing table. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim is not barred by N.C. Gen. Stat. § 97-22, which requires an injured employee to give written notice of his injury to his employer within 30 days in order to *Page 6 
obtain compensation for that injury. An employee may be excused from the notice requirement if he has a reasonable excuse for not giving notice and the employer was not prejudiced by the delay. N.C. Gen. Stat. § 97-22; Westbrooks v. Bowes,130 N.C. App. 517, 503 S.E.2d 409 (1998). An employee's failure to provide written notice of injury does not bar the claim if the employer has actual knowledge of the injury. Davis v.Taylor-Wilkes Helicopter Serv., Inc.,145 N.C. App. 1, 549 S.E.2d 580 (2001). In addition, the burden is on defendants to show prejudice from the delayed notice.Westbrooks, 130 N.C. App. 517, 503 S.E.2d 409 (1998).
3. In this case, plaintiff had reasonable excuse for the delay in notification to her employer, based on plaintiff's immediate reporting of the incident to her direct supervisor, her ability to continue working for weeks after the incident, the delayed worsening of plaintiff's condition, her request that her supervisor prepare an incident report and the fact that the carrier was communicating with her treating physician's office and paid for her initial medical treatment for the right knee. Plaintiff gave actual notice to defendant-employer by informing her direct supervisor immediately after the injury. N.C. Gen. Stat. § 97-22. In addition, defendants failed to prove that they were prejudiced by any delay in written notification. Id.
4. As a result of her compensable right knee injury, plaintiff has received medical treatment and is entitled to receive further medical treatment that would effect a cure, give relief or lessen her period of disability, subject to the limitations of N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-25.
5. As a result of her compensable right knee injury, plaintiff is entitled to payment for any permanent partial disability rating assigned to the right knee. N.C. Gen. Stat. § 97-31(15).
 *********** *Page 7 
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission makes the following:
 AWARD
1. Defendants shall pay the medical expenses incurred or to be incurred by plaintiff as a result of his compensable injuries, when bills for the same have been submitted according to proper Industrial Commission procedure.
2. Subject to a reasonable attorney's fee approved herein, defendants shall pay plaintiff for any permanent partial disability rating assigned to her right knee upon a finding of maximum medical improvement.
3. A reasonable attorney's fee of 25% of the compensation due plaintiff under Paragraph 2 of this Award is hereby approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This the 11th day of August 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 8 
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1